By the Court.—Sedgwick, Ch. J.
The action was for damages from the alleged negligence of the defendant.
The plaintiff was a tenant of the defendant. She claimed that a heavy pole that the defendant was bound to keep firm and safe, fell upon her. As part of her proof, against defendant’s objection, she was allowed to put in evidence entries in a book kept by her physician, who had died before the trial. The entries were as follows : “ Mrs. Rosa Schule, 752 2nd Avenue, was hurt on 7th January. I saw her first on the 9th day of January. Found her suffering pain in side; found ribs broken; shoulder on left side was disabled, also left parietal was contused ; was deaf on left side ; could only hear watch 6 inches to 18 inches on the right side. She had intense headache and acted very nervously.
“ I returned that night again and found her spitting blood; the ribs having pressed against; March 19, bled from nose profusely.” This all was in the handwriting of the physician.
The objection was in general to the competency of the entries as testimony. I think the general objection was sufficient. The entries were the declarations of a person not sworn upon the trial and offered in cross-examination. The plaintiff was bound, in order to be entitled to their admission, to prove all the conditions which the law affixes to their admissibility. One of these conditions is “ the entry must have been made at or about the time of the transaction recorded.” Greenleaf, Ev. § 115; *304 The entry did not disclose when it was made. Indeed, part of it -indicated that that part was made after the fact referred to was declared to have occurred. Take it altogether, it seemed to be a condensed history of observations made in times that had passed. No testimony was given dehors the book, that tended to show that the entries in it were made by the physician contemporaneously with the meetings of the physician and the plaintiff.
On the argument of the appeal there was no discussion of whether the rule admitting entries made by deceased persons in the course of a professional duty, included matters like those in the present controversy.
For the reason that has been given, the judgment and order made upon the minutes should be reversed, a new trial ordered with costs to the appellant to abide the event.
The notice of motion for a new trial made upon the case as settled, did not specify any grounds. The ground stated was that it appeared by affidavits that the testimony given by the plaintiff on the trial was false, especially as to the extent of her pretended injuries, and that on a new trial testimony could be produced that would show the falsity. The learned judge properly held, that the defendant by the use of ordinary diligence could have produced on the trial the testimony that was said to have been newly discovered, and that the issue as made called upon him to produce all the testimony he could procure.
The order appealed from should be affirmed with costs to respondent to abide event.
Dugbo, J., concurred.